**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **NATIONAL OILWELL VARCO, L.P.,** | § | |
| **Plaintiff** | § | **CIVIL ACTION NO. 09-85** |
| | § | |
| v. | § | |
| | § | |
| **AUTO-DRIL, INC.,** | § | |
| **Defendant** | § | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, National Oilwell Varco, L.P. (hereinafter "NOV" or "Plaintiff"), through its counsel, files this Complaint against Defendant, Auto-Dril, Inc. (hereinafter "AUTO-DRIL" or "Defendant"), and for cause of action respectfully states and alleges as follows:

## PARTIES

1. Plaintiff NOV is a Delaware limited partnership having its principal place of business in Texas.

2. Defendant AUTO-DRIL is a Texas corporation having its principal place of business at 915 E. County Road 125, Midland, Texas 79706. AUTO-DRIL may be served with process by service upon its registered agent, James Ray, 915 E. County Road 125, Midland, Texas 79706.

## JURISDICTION/VENUE

3. This is an action for patent infringement under the patent laws of the United States of America pursuant to 35 U.S.C. § 271, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400 and 1391(b) because Defendant conducts business within this judicial district and has engaged in acts in this district and division, which constitute infringement of U.S. Patent No. 5,474,142.

## PATENT INFRINGEMENT

5. The contents of the preceding paragraphs are included by reference as if fully set forth herein.

6. Plaintiff owns all right, title and interest to U.S. Patent No. 5,474,142 (hereinafter, the "142 patent"). A copy of the '142 patent is attached as Exhibit A.

7. Plaintiff's '142 patent is valid and presumed valid under 35 U.S.C. § 282.

8. Defendant has actual notice of the '142 patent.

9. Defendant has infringed, willfully infringed and/or contributed to or induced infringement of the '142 patent by making, using, selling or offering for sale products that come within or are operated within the scope of one or more of the claims of the patent.

10. Defendant's acts of infringement are causing NOV to sustain damages, and will continue to do so unless and until enjoined by order of this Court.

11. Defendant's infringement of Plaintiff's '142 patent is willful, and Plaintiff is accordingly entitled to enhanced damages pursuant to 35 U.S.C. § 284.

12.     This is an exceptional case such that Defendant should be required to pay Plaintiff's reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

## DEMAND FOR JURY

13.     Plaintiff hereby demands a jury trial of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief from the Court and Jury:

a.  That the '142 patent be adjudged infringed under all applicable provisions of Title 35, United States Code;

b.  That the Defendant, its officers, directors, employees, agents and all those acting in concert with the Defendant be enjoined, pursuant to 35 U.S.C. §283, from all future activities infringing the '142 patent, and/or inducing or contributing to the infringement of the '142 patent by others, including making, using, selling or offering for sale the claimed subject matter of the '142 patent;

c.  That Defendant be required to prepare and deliver to the Court a complete list of entities to whom Defendant has sold or offered for sale any product that infringes the '142 patent;

d.  That Defendant be ordered to account to Plaintiff for all sales, revenues, and profits derived from its infringement of the '142 patent, pursuant to all applicable provisions of Title 35, United States Code;

e.  That this Court award Plaintiff's actual and compensatory damages resulting from Defendant's infringing activities, together with prejudgment and post judgment interest and costs, as provided by 35 U.S.C. § 284;

f. That this Court order that damages so found or assessed be enhanced or trebled as a result of willful, deliberate, wanton and reckless infringement by Defendant, as provided by 35 U.S.C. § 284;

g. That this Court order that, because this is an exceptional case, Plaintiff be awarded and Defendant be ordered to pay the reasonable attorneys' fees incurred by Plaintiff in connection with this action, as provided for by 35 U.S.C. § 285;

h. That Plaintiff be awarded such other and further relief as may be just and appropriate.

Dated: June 12, 2009.            Respectfully submitted

                                                 MATTHEWS, LAWSON & BOWICK, PLLC

/s/Robert M. Bowick
Robert M. Bowick
State Bar No, 24029932
2000 Bering Drive, Suite 700
Houston, Texas 77057
(713) 355-4200 (telephone)
(713) 355-9689 (facsimile)

John Wesley Raley
State Bar No. 16488400
Cooper & Scully, P.C.
700 Louisiana, Suite 3850
Houston, Texas 77002
(713) 236-6800 (telephone)
(713) 236-6880 (facsimile)

**ATTORNEYS FOR PLAINTIFF**