**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P., | § | |
|     Plaintiff | § | CIVIL ACTION NO. 09-85 |
| | § | |
| v. | § | |
| | § | |
| AUTO-DRIL, INC., | § | |
|     Defendant | § | |

## PLAINTIFF NATIONAL OILWELL VARCO, L.P.'S RESPONSE TO DEFENDANT AUTO-DRIL'S MOTION FOR STAY

Plaintiff, National Oilwell Varco, L.P. (hereinafter "NOV" or "Plaintiff"), files this Response to Defendant, Auto-Dril, Inc.'s (hereinafter "AUTO-DRIL" or "Defendant") Motion to Stay (Docket No. 14), and requests that said Motion be denied in full.

### INRODUCTION

This is a patent infringement lawsuit addressing the Defendant AUTO-DRIL's infringement of U.S. Patent No. 5,474,142 (the "142 Patent"). The Defendant, in its Motion, requests a stay pending the finality of a mature patent infringement case in another jurisdiction against another unrelated defendant (the "Pason Lawsuit") and a second-filed *ex parte* reexamination of the '142 patent by the Pason defendant (the "Reexamination") before the United States Patent & Trademark Office (the "USPTO").

While the Defendant is correct in stating that requests for stays based on reexamination of patent(s) are often granted when the request for reexamination is early in the litigation before significant litigation has commenced, in this case, the factors weigh against a stay.

First, the Defendant AUTO-DRIL is relying on the second *ex parte* reexamination request filed by another defendant at a very late stage (post verdict of infringement and validity), after all discovery, at considerable expense to NOV in that case, after six years of litigation, with only four years left on the patent term of the '142 patent. Considering the following factors, the Court should not stay this proceeding:

1. NOV has a jury verdict of infringement and validity in the Pason Lawsuit against the defendant Pason;

2. The Reexamination does not have any new prior art references to be considered that are not the same or cumulative of the references considered in the Pason Lawsuit or in the first *ex parte* reexamination;

3. The Defendant is not a party to the Reexamination or the Pason Lawsuit and estoppel applies to none of the issues to be resolved;

4. The Defendant, while stating that the inequitable conduct defense in the Pason Lawsuit is based on the exact same facts as in this case, provides no factual basis for the success of that defense in either the Pason Lawsuit lawsuit or this case;

5. The '142 patent has been successfully litigated and enforced to settlement against numerous infringers;

6. The delay due to the court's ruling in the Pason Lawsuit will result in open-ended delay because the Reexamination and the remaining hearing on inequitable conduct in the Pason Lawsuit will occur in series over several years, well after the conclusion of this lawsuit; and

7. While any delay may be arguably offset by a finding of money damages, the Defendant is, by its own contention, a thinly capitalized company with a limited product line that will be allowed to infringe with impunity during the stay and may not have the resources to pay a significant judgment for money damages in the future, especially if a permanent injunction or enhanced damages are also awarded.

Ironically, the Defendant AUTO-DRIL thus now attempts to rely on the last-ditch remaining efforts of a defendant who lost in its attacks on the '142 patent's validity in the Pason Lawsuit at the end of six years of a losing litigation effort as the

basis for asking the Court stay this action pending the resolution of those two last remaining avenues of defense, thus creating open-ended delay in this proceeding. In the meantime, the Defendant will benefit from the delay in a manner that, even with a finding of money damages, may not result in an ultimate recovery to the Plaintiff. The Motion For Stay should be denied.

## I.

## FACTUAL BACKGROUND

### A. Nature of This Action

This is an action for patent infringement of the '142 patent. The Plaintiff NOV is a Delaware limited partnership having its principal place of business in Texas. NOV has numerous automatic drilling products that directly compete with the Defendant's infringing products. The Defendant AUTO-DRIL is a Texas corporation having its principal place of business in Midland, Texas. Specifically, AUTO-DRIL's Navigator automatic drilling product infringes one or more claims of the '142 patent.

### B. The Pason Lawsuit Against An Unrelated Party

NOV filed a patent infringement lawsuit against Pason Systems USA Corp. (Pason) for infringement of one or more claims of the '142 patent: 03-CV-02579-RPM, National Oilwell Varco, L.P. v. Pason Systems USA Corp.; in the United States District Court for the District of Colorado. After approximately six years of litigation, NOV received a jury verdict in its favor for infringement and validity against the defendant Pason. Without belaboring how the case came to be in its current state, the final hearing in the case before the Colorado district court may enter a final judgment is a

hearing on inequitable conduct, currently stayed while the Reexamination discussed herein proceeds.

### C. The Reexamination

On July 24th, 2009, Pason filed a second request for an *ex parte* reexamination of the '142 patent based on a group of six prior art references, all of which were considered by the jury in the lawsuit. On August 21st, 2009, the USPTO granted the request for reexamination of the '142 patent. The USPTO has yet to enter an office action rejecting or confirming any claims of the '142 patent.

### D. Defendant AUTO-DRIL: Thinly Capitalized, Relies Heavily On Single Product Line

AUTO-DRIL, in its Motion for Stay, contends that it is a thinly capitalized company without great resources. In addition, the Defendant's web site lists only one product, its Navigator automatic drilling system, and an add-on product referred to as Navigator-Pro. (See, a true and accurate copy of selected pages from AUTO-DRIL's website, attached and incorporated for all purposes as Exhibit A.)

## II.

## STANDARD OF REVIEW

The decision to stay a patent case pending reexamination is entirely in the Court's discretion. *Ethicon v. Quigg*, 849 F.2d 1422, 1436-27 (Fed. Cir. 1988); *Soverain Softwarev. Amazon.com, Inc.*, 356 F. Supp.. 2d 660, 662 (E.D. Texas 2005). The Court should weigh competing interests and maintain an even balance when exercising judgment over the Court's docket. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

# III.

# ARGUMENT

## A. The Legal Standard

There is a three-factor test for the Court to consider: (1) how far the litigation has progressed; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in the case. *Soverain Software v. Amazon.com, Inc.*, 356 F. Supp.2d at 662; *Premier Intern. Associates LLC v. Hewlett-Packard Co.*, 554 F. Supp.2d 717, 724 (E.D. Tex. 2008); *Gunthy-Renker Fitness, LLC v. Icon Health and Fitness, Inc.,* 48 USPQ2d 1058 (C.D. Cal. 1998).

As stated above, the Defendant's Motion for Stay is based on one remaining hearing related to unspecified allegations of inequitable conduct by the defendant in the Pason Lawsuit and a very late-filed second reexamination before the USPTO by the defendant Pason. As such, although this litigation is in its early stages, the Defendant-Movant relies on proceedings in and ancillary to the Pason Lawsuit with an unrelated party, a stay would present a clear tactical disadvantage to the non-moving party, and it is speculative, at best, on whether the result of the reexamination and other proceeding with be a simplification of the issues in this case.

## B. The Pending Hearing On Inequitable Conduct Is No Basis To Stay

Granting the Defendant's Motion on the basis of the inequitable conduct hearing is inherently flawed. First, the Defendant's Motion for Stay is oddly silent as to the merits or even the underlying facts of that eventual hearing. Second, this is even more

disconcerting because the Defendant, while stating the underlying facts of the inequitable conduct hearing in the "Colorado Action" will be exactly the same as this case, fails to allege what those facts are that would support a finding of inequitable conduct.  Third, because the Court granted the Motion for Stay in that action pending the Reexamination, the delay associated with both proceedings occurring in series is open-ended and may extend beyond the term of the patent.

At a minimum, if the Court were to grant the Defendant's Motion, the Court should require a stipulation from the Defendant AUTO-DRIL that it would be bound to the determination of the court in the Pason Lawsuit on the issue of inequitable conduct.

### C.  The Plaintiff Non-Movant NOV Is Clearly Prejudiced

The Rexamination itself is merely a delay tactic in the Pason Lawsuit.  The Defendant AUTO-DRIL is trying to piggyback on that delay tactic at little or no cost to itself, and with a potential to file its own later reexamination and further delay this proceeding in a piecemeal fashion.

Where parties are direct competitors as in this case, a stay will likely prejudice the non-movant.  *See, e.g., Cooper Technologies Co. v. Thomas & Betts Corp.*, No. 2:06-cv-242, 2008 WL 906315, *1 (E.D. Tex. March 31, 2008).  Often, the estoppel effects of a reexamination can serve to reduce the prejudice to the non-movant.  *See, e.g., EchoStar Technologies Corp. v. Tivo*, No. 5:05 cv 81 DF, 2006 WL 2501484, at *2 (E.D. Tex. July 14, 2006).  However, in this case, the Defendant is a non-party to the reexamination proceeding and is not bound by the estoppel effects of the reexamination, thereby not simplifying the issues in the lawsuit.  See, 35 U.S.C. Sec. 315 (c)

(estopping only the third-party requester from asserting the invalidity of any claim finally determined to be valid and patentable on any ground that the requester raised or could have raised during the reexamination).

Further, assume, *en arguendo,* that the Court would entertain granting the stay requested by the Defendant.  Once there is a resolution of the Reexamination in favor of the Plaintiff, the hearing on inequitable conduct is held and won, and we return to this action, the patent will, in all probability, be expired.  Whatever rights to a permanent injunction that the Plaintiff would be entitled to against its direct competitor in this case during the term of the patent will be gone.

Finally, the Defendant would, absent the Defendant's stipulation to the contrary, be able to either file its own reexamination or take its own bite at the apple on inequitable conduct in this action.  As a non-party in the Pason Lawsuit and the currently pending Reexamination, it would have every right to do so, thereby creating years of further delay.

Because of the limited estoppel effects, the Plaintiff and Defendant are direct competitors, and that the Plaintiff's injuries may not be fully compensable in money damages, the prejudice from delayed discovery outweighs any potential benefits of a stay.

### D.  Granting The Stay Is Not Likely To Simplify The Issues In The Case

The reexamination process is neither as certain or quick as the Defendant would lead the Court to believe.  The likelihood of the examiner disallowing all of the subject claims, according to USPTO statistics is around 12% on the whole. *Soverain Software*

*v. Amazon.com, Inc.*, 356 F. Supp.2d at 662, 663.  The time to an examiner decision is also, on average, 32.6 months as of September 30, 2008.  (*See,* September 30, 2008 Reexamination Filing Data, attached as Exhibit B.)  Then, there is the appeal process, which is "uncertain and time-consuming."  *See Network Appliance Inc. v. Sun Microsystems, Inc.*, No. C-07-060503 at 3-4 (N.D. Cal. Nov. 3, 2008).

As noted above, the Reexamination contains no new prior art references that are not cumulative of the prior art considered in the Pason Lawsuit, arguably reducing the chance even further that the Reexamination will result in a dispositive result of the Pason Lawsuit or this case.

In addition, the examiner will consider only patents and printed publications and not other defenses such as on-sale bars, public uses, enablement, written description and best mode requirements and inequitable conduct defenses.  *See, In Re Columbia Univ. Patent Litigation*, 330 F. Supp. 12, 15 (D. Mass 2004).  The Court may still need to construe the original claims after reexamination.  *Id., at 18.*  Therefore, there may be little, if any, benefit to the reexamination proceeding.

The above argument with respect to the tactical disadvantage of delay for the Plaintiff/Non-Movant also applies to the lack of simplification.  Upon successful conclusion of the currently-pending Reexamination and the inequitable conduct hearing in the Pason Lawsuit, all of those issues would, absent obtaining a stipulation from the Defendant to the contrary, it would be allowed to bring all of the same issues forward once again.

**IV.**

## CONCLUSIONS AND PRAYER

For these reasons, the Plaintiff NOV requests that the Motion for Stay be denied. In the alternative, Plaintiff NOV requests that the Motion for Stay be granted only until a Notice of Reexamination Certificate is issued by the USPTO. In such case, we request that the Court order that the findings of the Reexamination be binding on the parties in this lawsuit and, if AUTO-DRIL is to file its own reexamination, that it do so within ninety days of the Court's ruling. In the second alternative, if the Motion For Stay is granted in full, Plaintiff NOV requests, in addition to the relief outlined above, that the Court order that the Defendant AUTO-DRIL be estopped from challenging the result and findings of the inequitable conduct hearing in the Pason Lawsuit in Colorado.

Respectfully submitted

MATTHEWS, LAWSON & BOWICK, PLLC

/s/Robert M. Bowick
Robert M. Bowick
State Bar No, 24029932
Joby A. Hughes
State Bar No. 10219150
2000 Bering Drive, Suite 700
Houston, Texas 77057
(713) 355-4200 (telephone)
(713) 355-9689 (facsimile)

John Wesley Raley
State Bar No. 16488400
Cooper & Scully, P.C.
700 Louisiana, Suite 3850
Houston, Texas 77002
(713) 236-6800 (telephone)
(713) 236-6880 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on the date of filing, September 14, 2009, on all counsel who are deemed to have consented to electronic service, including the following counsel of record. Local Rule CV-5(a)(3).

Chris J. Kling
Law Office of Chris J. Kling
8117 Preston Road, Suite 300
Dallas, Texas 75225
214-706-9165 (fax)

    /s/Robert M. Bowick
Robert M. Bowick