IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P., | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | CASE NO. 5:09-CV-85-TJW |
| AUTO-DRIL, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**ORDER**

Before the Court is Defendant's motion to stay based on a pending reexamination of the patent-in-suit and a pending inequitable conduct trial in another district court (Dkt. No. 14.) For the following reasons, the Court DENIES the motion.

The Court has discretion to stay a case pending reexamination proceedings. In determining whether to grant a stay, the Court typically considers three factors: (1) whether a stay would unduly prejudice the non-moving party or present a clear tactical advantage to the moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been established. *See, e.g., Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005).

The Court will not stay this case. Defendant argues that plaintiff will suffer no prejudice as a result of a stay. The Court disagrees. Plaintiff contends that a stay would delay the possibility of them obtaining an injunction to prevent ongoing infringement by the defendant and that the defendant is a thinly capitalized company without great resources. The parties are direct competitors and a denial of timely enforcement of either party's patent rights would indeed unduly prejudice that party.

Additionally, the evidence does not show that a stay would simplify the issues in this case. It is possible that the PTO will require some claims to be amended, but it is unlikely that this fact will appreciably change the amount of discovery in, or alter the resolution of, this case. Some of the claims at issue in this litigation may change as a result of the reexamination, but the Court is of the opinion that justice will be better served by addressing that contingency when and if it occurs as opposed to indefinitely staying the case pending reexamination. In case the reexamination proceedings conclude while this case is pending, the parties should advise the Court of the results of those proceedings and request appropriate relief.

Further, the pending hearing on inequitable conduct in the Colorado litigation is no basis for a stay in this case. The Defendant is a non-party to the Colorado litigation, the inequitable conduct hearing has been stayed pending reexamination, and the jury in the Colorado litigation already found that the patent was valid and infringed. In case the inequitable conduct hearing proceeds and the patent is found unenforceable while this case is pending, the parties should advise the Court of the results of that proceeding and request appropriate relief.

While this case is in the early stages of litigation and discovery has not yet begun, the Court finds that, overall, the factors it must consider weigh against granting a stay of these proceedings. For these reasons, the Court DENIES Defendant's motion.

IT IS SO ORDERED.

SIGNED this  5th  day of January, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE